**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty Stensrud, | No. CV-22-00062-TUC-JCH (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Thomas Friedberg, et al., | |
| Defendants. | |

This is a discovery dispute in a dog-bite case. Defendants seek leave to notice two non-parties at fault after the deadline to do so. The non-parties are allegedly responsible for ignoring information that Defendants' dog was vaccinated against rabies and giving Plaintiff a $33,000 rabies-vaccine series anyway. Defendants allege the non-parties could not have been timely noticed because Defendants discovered the issue during depositions taken after the notice deadline.

Before the Court is Magistrate Judge Bruce G. Macdonald's Report and Recommendation ("R&R"). Doc. 70. The R&R recommends denying Defendants' "Motion for Leave to File Notice of Non-Parties at Fault," Doc. 42, because Defendants had ample opportunity to discover potential liability from the non-parties before the deadline, and because Defendants refused to cooperate with an associated investigation and failed to provide readily available proof of the dog's vaccination status. Doc. 42 at 27. Defendants objected, Doc. 74, and Plaintiff responded. Doc. 82. For the reasons below, the Court adopts the R&R and denies Defendants' Motion for Leave.

I.  **Background**

On April 11, 2021, Defendants' dog bit Plaintiff. Doc. 1-1 at 3; Doc. 16 at 2. On February 9, 2022, Plaintiff filed a Complaint in Pima County Superior Court alleging Defendants' negligence and strict liability for the bite. Doc. 1-1. Defendants removed to federal court and answered. Docs. 1, 5. The undersigned referred the case to Judge Macdonald for all pretrial proceedings and an R&R. Doc. 14.

On December 1, 2022, Defendants filed a "Motion for Leave to File Notice of Non-Parties at Fault Pursuant to Arizona Rule of Civil Procedure 26(b)(5) and/or for Apportionment of Fault at Trial." Doc. 42. Defendants seek leave to identify the Pima County Animal Care Center ("PACC") and the Havasu Regional Medical Center as non-parties at fault. *Id.* at 17, 19. Defendants allege the PACC investigator ignored the "rabies certificate number" Defendants provided, and that Havasu Regional Medical Center administered a rabies vaccination series to Plaintiff without adequately investigating the issue. *Id.* at 14–15, 17–18. The Motion for Leave was fully briefed. Docs. 53, 58.

On February 3, 2023, Judge Macdonald issued an R&R on Defendants' Motion for Leave. Doc. 70. Judge Macdonald recommends denying Defendants' Motion as untimely under Arizona Rule of Civil Procedure 26(b)(5). *Id.* at 1. Defendants object to Judge Macdonald's R&R "to the extent it precludes the Court from considering evidence of contributory fault[.]" Doc. 74 at 4. Defendants posit a "clearly erroneous or contrary to law" standard of review but argue the Court should exercise its equitable discretion under Federal Rule of Civil Procedure 19(b). Doc. 74 at 4–5. Plaintiffs agree the deferential review standard applies and assert Rule 19(b) is inapplicable. Doc. 82.

II. **Standard of Review**

  A. **Magistrate Judge Recommendation Legal Standard**

A magistrate judge may decide non-dispositive motions; given objections, the district court considers whether the magistrate judge's decision was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to a magistrate judge's factual findings, and the "contrary to law"

standard applies to a magistrate judge's legal conclusions. *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 458–59 (D. Ariz. 2012) (citations omitted). "Clearly erroneous" review is highly deferential, and "contrary to law" review is de novo. *Id.* (conducting de novo review after objection to legal conclusion in magistrate judge's denial of non-dispositive motion); *see also Ambassador Hotel Co., Ltd. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1024 (9th Cir. 1999) (clearly erroneous standard); *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) (contrary to law standard); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069, at 393–95 (3d ed. 2014).

A magistrate judge may also issue an R&R for dispositive motions; given objections, the district court reviews the objected portion de novo. Fed. R. Civ. P. 72(b)(1), (3); 28 U.S.C. § 636(b)(1), (b)(1)(B). The Federal Magistrate's Act provides a list of eight dispositive motions. *See* 28 U.S.C. § 636(b)(1)(A). To determine whether motions not listed in the Magistrate's Act are nonetheless dispositive, the Ninth Circuit "look[s] to the effect of the motion." *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015). The effect of a *grant* of leave to amend is non-dispositive. *See Bastidas v. Chappell*, 791 F.3d 1155, 1163–64 (9th Cir. 2015); *accord PURE Ins. Co. v. Clawfoot Supply LLC*, 2021 WL 3726500, at *1 (D. Ariz. Aug. 23, 2021). But *denial* of leave to amend is dispositive in some circumstances. *Bastidas*, 791 F.3d at 1163–64. For example, in *Bastidas* a motion to stay was dispositive because it effectively barred a new claim Plaintiff sought to add to his petition. *Id.* Similarly, denial of leave to amend is typically—though not universally—dispositive when premised on futility because the test is the same as for 12(b)(6) dismissal. *JJCO, Inc. v. Isuzu Motors Am., Inc.*, 2009 WL 3818247 at *3 (D. Haw. Nov. 12, 2009) (collecting cases); *see also id.* ("[S]ome courts view a magistrate judge's denial of … leave to amend as a dispositive ruling when [it] denies a party the opportunity to assert a new claim or defense"); *Morgal*, 284 F.R.D. at 458 (citing *JJCO, Inc.* approvingly). Reviewing this precedent, the *JJCO, Inc.* court determined a denial of leave to add a party was non-dispositive. *JJCO, Inc.*, 2009 WL

3818247 at *3. The court noted that "the parties identify no Ninth Circuit case, and the court itself has found none, requiring de novo review of a magistrate judge's ruling denying leave to add a party, whether based on futility or other grounds." *Id.*

### B. Analysis

The Court must review Defendants' Motion to Notice Non-Parties de novo whether or not the Motion's effect is dispositive. If the motion is dispositive, de novo review is required given any objection. On one hand, the Court notes that Judge Macdonald did not rule on Defendants' Motion but instead issued an R&R. That suggests a measure of caution. *See, e.g.*, *Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*, 2020 WL 4925702 at *3 (D. Nev. Aug. 21, 2020) (declining to issue an R&R in order to "err on the side of caution"). Defendants' Motion to Notice is similar to a motion to amend to the extent the latter may identify new parties. Under that view, Defendants' Motion could be dispositive of their comparative fault defense. On the other hand, denying Defendants' Motion would not prevent Defendants from raising a new defense because Defendants' comparative fault defense is not new. Defendants may still assert comparative fault against Plaintiff absent additional third parties. For the same reason, denying Defendants' Motion would not adjudicate the comparative fault claim, though it could potentially weaken it. The Court also notes that the parties agree the Court's review is *not* de novo. Doc. 74 at 4; Doc. 82 at 1; *see also JJCO, Inc.*, 2009 WL 3818247 at *3 (declining de novo review after observing the movant did not argue for it). For those reasons, the Court is inclined to view Defendants' Motion to Notice as non-dispositive.

But de novo review is also required if Defendants' Motion is non-dispositive because Defendants object primarily to Judge Macdonald's legal conclusion. Defendants object to the R&R "to the extent it precludes the Court from considering evidence of contributory fault by Plaintiff and third-parties[.]" Doc. 74 at 4. The R&R recommends denying Defendants' Motion to Notice Non-Parties At Fault as untimely under Arizona Rule of Civil Procedure 26(b)(5). Doc. 70 at 1. The R&R also considered the merits of Defendants' Motion under an exception to Arizona Rule 26(b)(5). *Id.* at 7–27. If adopted,

the R&R would "preclude the Court from considering evidence of contributory fault by … third-parties" because it would prevent Defendants from identifying parties at fault. Doc. 74 at 4. Defendants further assert that the R&R "is contrary to law because Rule 19(b) allows the Court [to fashion equitable relief for Defendants]." *Id.* Defendants thus object to the R&R's legal conclusion, and the Court must apply a de novo "contrary to law" standard of review even if Defendants' Motion is non-dispositive.

### III.  Report & Recommendation

For the reasons above, the Court reviews the R&R de novo and determines it is not "contrary to law." Defendants failed to notice non-parties at fault within Arizona Rule 26(b)(5)'s required timeframe, fail to justify relief under the relevant exception, and fail to show how Federal Rule 19 applies.

#### A.  Legal Standard

A magistrate judge's decision is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 458–59 (D. Ariz. 2012).

#### B.  Background

In the underlying Motion, Defendants argued they satisfied the exception to Arizona Rule 26(b)(5), which permits an untimely Notice of Non-Parties at Fault on showing of "good cause, reasonable diligence, and lack of unfair prejudice to all other parties." Doc. 42-1 at 17–19. Defendants also argued that the Court should exercise its equitable discretion under Federal Rule 19(b), which Defendants allege permits the Court to apportion liability among third parties who cannot be joined. *Id.* at 19.

Judge Macdonald applied Arizona Rule 26(b)(5) to the facts and determined that Defendants' proposed Notice was untimely. Doc. 70 at 4–7. He then found that the Arizona Rule 26(b)(5) exception did not apply because Defendants did not show good cause, reasonable diligence, or lack of unfair prejudice. *Id.* at 7–27. The R&R does not refer to Federal Rule 19(b), but it acknowledges Defendants' equitable argument and repeatedly declines to apportion fault under it. *See, e.g.*, Doc. 70 at 3, 15, 27.

**C. Analysis**

Judge Macdonald's R&R is not contrary to law. Defendants proposed Notice was untimely, no exception is available because Defendants were not diligent, and Federal Rule 19(b) is unavailable because the non-parties are not "required." Equitable considerations do not favor Defendants.

**i. Defendants' proposed Notice is untimely under Arizona Rule 26(b)(5).**

Defendants seek to file a notice of non-parties at fault more than 150 days after filing their Answer. Arizona Revised Statute § 12-2506 provides that a defendant in a negligence action may notice a non-party at fault regardless of whether the non-party was or could have been named party to the suit. Arizona Rule 26(b)(5), the accompanying state-law procedural rule, gives defendants 150 days from the answer filing date to identify any non-party wholly or party at fault. Arizona district courts apply Arizona Rule 26(b)(5) in federal court. *Wester v. Crown Controls Corp.*, 974 F. Supp. 1284, 1287 (D. Ariz. 1996) (applying *Hanna v. Plumer*, 380 U.S. 460, 471 (1965), and *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). On February 10, 2022, Defendants filed their answer. Doc. 7. One hundred fifty days from February 10, 2022, is July 11, 2022. On December 1, 2022, Defendants filed their "Motion for Leave to File Notice of Non-Parties at Fault Pursuant to Ariz. R. Civ. P. 26(b)(5)." Doc. 42. Identifying these facts and precedents, Judge Macdonald correctly applied them to determine that Defendants' proposed Notice was untimely under Arizona Rule 26(b)(5).

**ii. The exception is unavailable because Defendants were not diligent.**

Judge Macdonald also correctly determined that the relevant exception to Arizona Rule 26(b)(5) is not available to Defendants. The exception applies only on a showing of "good cause, reasonable diligence, and lack of unfair prejudice[.]" Ariz. R. Civ. Pro. 26(b)(5).

Defendants contend they did not learn of potential comparative fault by Pima County Animal Control ("PACC") and Havasu Regional Medical Center until they deposed a PACC investigator on July 29, 2022, received their expert report in August

2022, and deposed Plaintiff on September 29, 2022. Doc. 42-1 at 15–16. Defendants allege the depositions and reports alerted them for the first time to the possibility that the PACC investigator failed to provide Defendants' dog's rabies certificate number to Plaintiff. They further allege that Havasu Regional Medical Center initiated a series of rabies vaccinations without adequately investigating whether Defendants' dog was already vaccinated. *Id.* Defendants interpret this "newly discovered evidence" as supporting application of the Arizona Rule 26(b)(5) exception. *Id.* at 16 (applying a defunct exception from an older version of Arizona Rule 26(b)(5)).

Precedent interpreting the Arizona Rule 26(b)(5) exception is limited. *See, e.g.*, *Raygarr LLC v. Emps. Mut. Cas. Co.*, 2020 WL 7245070 (D. Ariz. Dec. 9, 2020) (finding exception met where Defendants' untimely filing was circumstantially "reasonable" and Plaintiff waited two years to object to its untimeliness); *Soto v. Brinkerhoff*, 903 P.2d 641, 644 (Ariz. Ct. App. 1995) (applying "newly discovered evidence" exception from an older version of Arizona Rule 26(b)(5)). Judge Macdonald fairly interpreted the exception not to apply where defendants fail to demonstrate they could not have discovered the alleged non-parties at fault earlier.[1] *See* Doc. 70 at 7–27. Examining each of Defendants' assertions and exhibits, Judge Macdonald determined Defendants had ample opportunity to discover potential liability from PACC and Havasu Regional Medical Center before the deadline to notice them, but chose not to do so. *See, e.g.*, Doc. 70 at 11. Judge Macdonald also noted that Defendants refused to cooperate with the PACC investigation and failed to provide proof of their dog's rabies vaccination despite having it readily available. *See, e.g.*, Doc. 70 at 13, 27. Judge Macdonald concluded that Defendants' conduct did not demonstrate good cause and reasonable diligence. *See id.*

Having independently reviewed the R&R, Defendants' Motion, and all related

---

[1] Judge Macdonald indulged Defendants heavy use of the defunct "newly discovered evidence" standard by incorporating it into the updated rule's "good cause, reasonable diligence, and lack of unfair prejudice" standard. *Compare* Doc. 42-1 at 17 (conflating the two standards), *with, e.g.*, Doc. 70 at 12–13 (finding no "new evidence" in support of good cause or due diligence). Judge Macdonald's approach is not contrary to law because newly discovered evidence could support good cause or due diligence.

documents, the Court agrees that the Arizona Rule 26(b)(5) exception does not apply. Defendants have not shown good cause or reasonable diligence to excuse their untimely Motion. Instead, Defendants' evidence shows that Defendants repeatedly ignored or refused to cooperate with the PACC investigation. Defendants provide no evidence that was not available to them in April 2021 or that they could not have discovered with reasonable effort. They are thus time-barred from identifying PACC or the Havasu Regional Medical Center as non-parties at fault.

### iii. Federal Rule 19(b) is also unavailable to Defendants because the non-parties they seek to notice are not "required," and because equitable considerations do not favor Defendants.

Judge Macdonald also correctly declined to provide equitable relief under Federal Rule 19(b). Rule 19(b) permits the Court "in equity and good conscience" to dismiss an action when "required" parties cannot be joined. A party is "required" if "in that [party]'s absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). In the underlying Motion, Defendants argued that Rule 19(b) permits the Court to lessen or avoid any prejudice from Defendants' inability to add PACC and Havasu Regional Medical Center as parties. Doc. 42-1 at 19. Defendants urged the Court to fashion equitable relief by granting the Motion or by entering "a judgment that apportions fault based on [evidence of PACC's and Havasu Regional Medical Center's contributing negligence]." Judge Macdonald declined to do so. *See, e.g.*, Doc. 70 at 12.

Judge Macdonald's implied recommendation not to credit Defendants' Rule 19(b) arguments was not contrary to law. The deadline for joining additional parties was July 15, 2022. *See* Doc. 70 at 7 (citing Doc. 19). Defendants never moved to add PACC and Havasu Regional Medical Center under Rule 19(b). *See docket generally*. If they had, they likely would have been unsuccessful because Rule 19(b) applies to required parties. Defendants do not even argue PACC and Havasu Regional Medical Center are required. *See* Doc. 74 at 4–5; Doc. 42-1 at 19. If Defendants did, they would be mistaken because joint tortfeasors generally are not required parties. *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990); *cf. also* Fed. R. Civ. P. 20(a)(1)(A) (governing permissive joinder). As a

comparative fault state, Arizona's mechanism for apportioning fault is A.R.S. § 12-2506. Failing to timely notice a non-party under A.R.S. § 12-2506 does not make the non-party suddenly required under Rule 19. *See, e.g.*, *F.D.I.C. v. Haines*, 179 F.R.D. 66, 68 (D. Conn. 1997) (right to apportionment under state statute does not make a proposed additional party required under Rule 19); *Est. of Harmon ex rel. Patrick v. Avalon Health Care. Inc.*, 2012 WL 6674425, at *4 (D. Ariz. Dec. 20, 2012) (a party's motive is relevant to a Rule 19 motion) (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)).

Having independently reviewed the R&R, Defendants' Motion, and all related documents, the Court agrees that relief under Rule 19 is unavailable to Defendants. Defendants have not moved for joinder under Rule 19, and if they had they could not have shown that PACC and Havasu Regional Medical Center are required. Defendants are also mistaken to the extent they treat Rule 19 as permitting the Court to fashion equitable relief generally. Rule 19's equitable considerations apply to determining whether an action should proceed given the impossibility of joining a required party. That is not the case here, where Defendants simply failed to timely or excusably notice PACC and Havasu Regional Medical Center under Arizona Rule 26(b)(5).

IV.   Order

For the reasons above,

**IT IS ORDERED ADOPTING IN FULL** the R&R (Doc. 70).

**IT IS FURTHER ORDERED DENYING** Defendants' "Motion for Leave to File Notice of Non-Parties at Fault" (Doc. 42).

Dated this 30th day of March, 2023.

Honorable John C. Hinderaker
United States District Judge