1    **WO**

2

3

4

5

6                        **IN THE UNITED STATES DISTRICT COURT**

7                              **FOR THE DISTRICT OF ARIZONA**

8

9    Betty Stensrud,                                    No. CV-22-00062-TUC-JCH (BGM)

10                  Plaintiff,                           **ORDER**

11   v.

12   Thomas Friedberg, et al.,

13                  Defendants.

14

15          This is a discovery dispute in a dog-bite case. Defendants allege Plaintiff is

16   seeking damages for a leg wound unrelated to the dog bite. They further allege that

17   Plaintiff withheld photographs of the "secondary wound." Defendants seek to incorporate

18   the photographs into an untimely supplemental Rule 26 expert report by filing a "Motion

19   to Modify Scheduling Order." Doc. 46.

20          Before the Court is Magistrate Judge Bruce G. Macdonald's Report and

21   Recommendation ("R&R") on Defendants' Motion. Doc. 71. The R&R recommends

22   denying Defendants Motion because Defendants did not diligently pursue the issue or

23   bring it to the Court's attention despite ample opportunity. *See* Doc. 71 at 15. Defendants

24   objected, Doc. 73, and Plaintiff responded.[1] Doc. 81. For the reasons below, the Court

25   adopts the R&R and denies Defendants' Motion to Modify.

26   ///

27

28   _____

     [1] Defendants then replied, Doc. 84, ignoring the R&R's direction not to reply without
     leave. *See* Doc. 70 at 28; Fed. R. Civ. P. 72(b)(2).

I.      **Background**

On April 11, 2021, Defendants' dog bit Plaintiff. Doc. 1-1 at 3; Doc. 16 at 2. On February 9, 2022, Plaintiff filed a Complaint in Pima County Superior Court alleging Defendants' negligence and strict liability for the bite. Doc. 1-1. Defendants removed to federal court and answered. Docs. 1, 5. The undersigned referred the case to Judge Macdonald for all pretrial proceedings and an R&R. Doc. 14.

On December 1, 2022, Defendants filed a "Motion to Modify Scheduling Order." Doc. 46. Defendants seek leave to submit an untimely supplemental expert report from Edward Eades, MD. Doc. 46-1 at 4. Defendants allege the supplemental report is necessary because they were unable to obtain photographs showing Plaintiff's "secondary wound" until after the expert-report deadline. *Id.* The Motion to Modify was fully briefed. Docs. 51, 56.

On February 3, 2023, Judge Macdonald issued an R&R. Doc. 71. Judge Macdonald recommends denying Defendants' Motion on procedural and substantive grounds. *Id.* The R&R notes several procedural errors and deficiencies that "appear to the Court as attempts to circumvent the page limits" in Local Rule 7.2(e)." *Id.* at 2–3. Defendants exceeded the maximum page limit by attaching declarations as exhibits to their briefs. *Id.* at 3. The Court noted these procedural issues give it "great pause," "particularly given the fact that Defendant Friedberg … is representing himself on his own behalf, on behalf of Defendant Bunge, [and] as co-counsel to Eric Thomson." *Id.*

The R&R also considered the merits of Defendants' Motion. *Id.* at 5–15. Defendants allege the need to modify the scheduling order because Defendants were unable to acquire photographs of Plaintiff's "secondary wound" until after the September 1, 2022, expert disclosure deadline. *Id.* at 5. Applying Federal Rule of Civil Procedure 16, the R&R determined the required "good cause" was not present because Defendants' issue was reasonably foreseeable and because Defendants did not diligently pursue the issue or bring it to the Court's attention. *Id.* at 15. The R&R also found Defendants' "new evidence" failed to show a need to modify the scheduling order. *Id.*

1    Defendants object not to the R&R's Rule 16 analysis, but rather that "the
2    recommendation is contrary to the disclosure requirements of Rule 26 and the
3    enforcement provisions of Rule 37(c)." Doc. 73 at 4. Defendants allege Plaintiffs
4    intentionally withheld the photographs at issue, and to deny Defendants' Motion would
5    "sanction [Plaintiff's] fraud on the Court." *Id.* Plaintiff responds that the photographs
6    were not within her control, and she disclosed all photographs she intended to use to
7    support her claims in compliance with Rule 26(a)(1)(A)(ii). Doc. 81 at 3. Plaintiff further
8    agrees with the R&R that Defendants have not been prejudiced because their expert
9    examined Plaintiff and included a discussion of her other wounds in his report. *Id.* at 5.

10   **II.    Standard of Review**

11   A magistrate judge may decide non-dispositive motions; given objections, the
12   district court considers whether the magistrate judge's decision was "clearly erroneous or
13   contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous"
14   standard applies to a magistrate judge's factual findings, and the "contrary to law"
15   standard applies to a magistrate judge's legal conclusions. *Morgal v. Maricopa Cnty. Bd.*
16   *of Sup'rs*, 284 F.R.D. 452, 458–59 (D. Ariz. 2012) (citations omitted). "Clearly
17   erroneous" review is highly deferential, and "contrary to law" review is de novo. *Id.*
18   (conducting de novo review after objection to magistrate judge's denial of non-dispositive
19   motion); *see also Ambassador Hotel Co., Ltd. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1024
20   (9th Cir. 1999) (clearly erroneous standard); *Haines v. Liggett Group, Inc.*, 975 F.2d 81,
21   91 (3d Cir. 1992) (contrary to law standard); 12 Charles Alan Wright, Arthur R. Miller &
22   Richard L. Marcus, Federal Practice and Procedure § 3069, at 393–95 (3d ed. 2014). A
23   magistrate judge's decision is contrary to law "when it fails to apply or misapplies
24   relevant statutes, case law or rules of procedure." *Morgal v. Maricopa Cnty. Bd. of*
25   *Sup'rs*, 284 F.R.D. 452, 458–59 (D. Ariz. 2012).

26   **III.   Analysis**

27   The Court must review the R&R de novo because Defendants object to its legal
28   conclusion that good cause did not exist to modify the scheduling order. Upon

1   independent review, the Court determines the R&R is not contrary to law. Defendants'
2   other arguments are unpersuasive. The Court will adopt the R&R and deny Defendants'
3   Motion to Modify.

4           **A.  Defendants' procedural issues are concerning.**

5           The R&R correctly identifies a concerning pattern of behavior by Defendants.
6   Defendants filed their Motion to Modify on December 1, 2022. The day before Plaintiff's
7   response was due, Defendants filed a separate "Supplemental Declaration" and
8   "Supplemental Rule 26 Report" to the Motion to Modify. *See* Docs. 46, 50, 50-1. Local
9   Rule 7.2(e) requires all motions not to exceed 17 pages, including supporting
10  memorandum but excluding attachments. Declarations are meant to "set forth facts as
11  would be admissible in evidence … not … to make an end-run around the page
12  limitations of Rule 7 by including legal arguments outside of briefs." *King Cnty. v.*
13  *Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002). Defendants' Motion to Modify, Doc.
14  46, attached Declarations, Docs. 46-2, 46-3, and subsequently filed Supplemental
15  Declaration, Doc. 50, and Supplemental Rule 26 Report, Doc. 50-1, total 28 pages.
16  Defendants also violated the R&R and Federal Rule of Civil Procedure 72(b)(2) by filing
17  a reply to Plaintiff's response to Defendants' R&R objections. *See* Doc. 84.[2] Local
18  counsel Eric Thomson is advised to consider the risks of permitting associated *pro hac*
19  *vice* counsel to ignore the professional standards of the Arizona District Court again.

20          **B.  The R&R correctly determines that Defendants failed to show good cause to**
21              **modify the scheduling order and submit a supplemental expert report.**

22          The R&R correctly applies Rule 16 to an absence of good cause to modify the
23  scheduling order. A scheduling order may only be modified for "good cause." Fed. R.
     Civ. P. 16(b)(4). Good cause primarily considers the movant's diligence. *Johnson v.*
24  *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To analyze diligence, the
25  Ninth Circuit considers whether (1) the movant diligently assisted the Court in creating a
26  workable Rule 16 order, (2) the movant's noncompliance occurred because of a
27
28  _____
     [2] *See also* Docs. 3, 4, 76 (Defendant filing deficiency notices); Docs. 5 (Defendants'
     "Answer" dated February 9, 2022), 7 (Defendants' "Answer" filed February 10, 2022).

development that could not have been reasonably foreseen or anticipated at the time of the Rule 16 conference, and (3) the movant was diligent in seeking amendment once it became apparent the movant could not comply with the Rule 16 order. *Morgal v. Maricopa Cnty. Bd. Of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

Applying these rules, the R&R concludes that Defendants could have reasonably foreseen the need to modify the scheduling order and that Defendants were not diligent in seeking amendment. Doc. 71 at 11, 14–15. The Court agrees. Plaintiff's initial disclosure on April 14, 2022, included a photograph of the "secondary wound" on Plaintiff's shin. Doc. 51-1 at 28. Plaintiff's initial disclosure also included Kootenai Clinic records, which referred to photographs of the "secondary wound" but did not include them. *Compare* Doc. 51-1 at 7, *with* Doc. 46-1 at 10. On May 16, 2022, Plaintiff authorized Kootenai Clinic to disclose her medical records to Defendants. Doc. 51-1 at 53, 55–56. On July 16, 2022, Defendant Friedberg asked his Executive Assistant to obtain Plaintiff's medical records, including the wound photographs, from Kootenai Clinic. Doc. 46-2 at 2. On August 22, 2022, Defendants received Plaintiff's Kootenai Clinic records through Kootenai's outside medical-records vendor, but the wound photographs were not attached. Doc. 46-2 at 2. The next day, Defendants' expert witness Dr. Eades signed his report, which states that "[o]n physical examination of the patient's lower left leg there is a healed wound … [and] a few smaller healed wounds[.] … The healed, nearby wounds in the photographs are not visible in the photos taken at the time of the bite and are most likely the result of other injuries that occurred sometime after the dog bite." Doc. 46-5 at 7. On September 1, 2022, the expert disclosure deadline, Defendants submitted Dr. Eades's expert report. *See* Doc. 46-5 at 4.

The Court agrees with the R&R that Defendants did not diligently pursue the photographs they now allege are critical to their expert's opinion. First, Defendants had ample notice of the "secondary wound" from Plaintiff's initial disclosure. Second, Defendants' expert addressed the issue of the other leg wounds in his report. Third, Defendants could have subpoenaed the Kootenai Clinic records or sought an extension to

avoid the September 1 deadline. Their failure to do so is a failure to diligently pursue the issue. Defendants' actions after the September 1 deadline also were not diligent. Defendants allege that Plaintiff indicated she would seek damages for the "secondary wound" at her deposition on September 29, 2022. Doc. 56 at 5. But Defendants did not raise the issue at a discovery conference the very next day.[3] *See* Doc. 29. Defendants also did not raise the issue in a discovery dispute statement filed October 21, 2022. *See* Doc. 34. That same day Defendants called Kootenai Clinic about the photographs. *See* Doc. 46-2 at 3. They did not bring the issue to the Court's attention until December 1, 2022. *See* Doc. 46 at 1. That is insufficient to show diligence, and so Defendants' Motion will be denied.

### C. Defendants' remaining objections are unpersuasive.

Defendants' raise additional unpersuasive objections that fail to address the R&R's central finding. Defendants argue that Plaintiff violated her duty to disclose the photographs under Rule 26. Doc. 73 at 4–8. Plaintiff responds that she was under no duty to disclose the photographs even if she had them because the photographs could not be used "to support [her] claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Even if Plaintiff were mistaken, Defendants are not moving for sanctions and did not move for sanctions in the underlying Motion to Modify. *See* Docs. 73, 46-1. Instead, Defendants now merely inform the Court that "Rule 37(c) authorizes the Court to take appropriate steps when a party fails to disclose evidence required by Rule 26." Doc. 73 at 10. That is not enough to secure Rule 37(c) sanctions "on motion and after giving an opportunity to be heard[.]" Fed. R. Civ. P. 37(c). Defendants notably focus their objection on what the R&R does *not* say, failing entirely to contend with what it does. *See generally* Doc. 73. Defendants never engage the R&R's principal criticism: that they failed to take steps to mitigate the issue or alert the Court. Defendants' silence on that point is telling.[4]

---

[3] The Court also agrees with the R&R that Defendants could have scheduled this deposition sooner but chose not to. *See* Doc. 71 at 13.

[4] Of course, Defendants may seek to admit and use the photos at trial. But modifying the scheduling order at this point is just not an efficient or cost-effective way to proceed.

1  **IV.  Order**

2      For the reasons above,

3      **IT IS ORDERED ADOPTING IN FULL** Judge Macdonald's R&R (Doc. 71).

4      **IT IS FURTHER ORDERED DENYING** Defendants' Motion to Modify

5  Scheduling Order (Doc. 46).

6      Dated this 30th day of March, 2023.

7

8

9

10                    Honorable John C. Hinderaker
                      United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28