WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty Stensrud,<br><br>    Plaintiff,<br><br>v.<br><br>Thomas Friedberg, et al.,<br><br>    Defendants. | No. CV-22-00062-TUC-JCH (BGM)<br><br>**ORDER** |

This is a dog-bite case. Before the Court are Plaintiff's Motion for Summary Judgment, Doc. 40, and Magistrate Judge Bruce G. Macdonald's Report and Recommendation ("R&R"). Doc. 79. Defendants are strictly liable for their dog's bite unless Plaintiff provoked the dog. The parties dispute whether Plaintiff provoked the dog. For that reason, the R&R recommends denying Plaintiff's Motion. The Court agrees.

**I.   Background**

On April 11, 2021, Defendants' dog bit Plaintiff. Doc. 1-1 at 3; Doc. 16 at 2. On February 9, 2022, Plaintiff filed a Complaint in Pima County Superior Court alleging Defendants' negligence and strict liability for the bite. Doc. 1-1. Defendants removed to federal court and answered. Docs. 1, 5. The undersigned referred the case to Judge Macdonald for all pretrial proceedings and an R&R. Doc. 14.

On December 1, 2022, Plaintiff filed a "Motion for Summary Judgment," Doc. 40, together with a statement of facts. Doc. 41. Plaintiff seeks summary judgment on Defendants' provocation claim. Doc. 40 at 5. The Motion was fully briefed, Docs. 61, 62,

68, and the Court heard oral argument. Doc. 78.

On March 1, 2023, Judge Macdonald issued an R&R. Doc. 79. Judge Macdonald recommends denying Plaintiff's Motion because the parties dispute whether Plaintiff provoked Defendants' dog. *Id.* at 3–4. Neither party objected. *See generally docket*.

## II.     Legal Standards

### A.  R&R Review Standard

A district court reviews objected-to portions of an R&R de novo. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). Failure to timely object may be considered a waiver of a party's right to de novo consideration of the issues. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc).

### B.  Summary Judgment Standard

Summary judgment is appropriate when the parties have no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986). A fact is material if it might affect the outcome of the suit. *Id.* The nonmovant must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1). The court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Liberty Lobby*, 477 U.S. at 255.

## III.    Undisputed Material Facts

Defendants' dog bit Plaintiff. Doc. 41 ¶ 6; Doc. 62 ¶ 6.

## IV.    Analysis

The Court agrees with the R&R that summary judgment is not appropriate on Defendants' provocation defense. Arizona imposes strict liability for dog bites. A.R.S. § 11-1020, -1025(A), -1001. The only defense is reasonable provocation. A.R.S. § 11-1027; *see also Litzkuhn v. Clark*, 85 Ariz. 355, 360–61 (1959). Provocation means

"tormenting, attacking, or inciting a dog." A.R.S. § 11-1025(F)(3). Provocation "shall be determined by whether a reasonable person would expect that the conduct or circumstances would be likely to provoke a dog." A.R.S. § 11-1027.

Here, the parties disagree whether a reasonable person would expect Defendants' dog to bite Plaintiff. Plaintiff asserts that "no reasonable person would expect that turning to walk away from a leashed dog[] would likely provoke [the] dog to attack and bite them." Doc. 40 at 5. But Defendants assert that "it was reasonable for Plaintiff to know the dog would be agitated and fearful [after seeing two larger dogs charge it] and that [Plaintiff's] sudden movement of her leg toward the dog's face would provoke it." Doc. 61 at 14. The parties' dispute is genuine because a reasonable jury could choose to believe Defendants. Whether the dog was provoked is material to whether Defendants are strictly liable for the dog's bite. Plaintiff is therefore not entitled to summary judgment on the provocation defense.

**V.    Order**

Accordingly,

**IT IS ORDERED ADOPTING IN FULL** Judge Macdonald's R&R (Doc. 79).

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion (Doc. 40).

Dated this 30th day of March, 2023.

_____
Honorable John C. Hinderaker
United States District Judge