WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty Stensrud,<br><br>        Plaintiff,<br><br>v.<br><br>Thomas Friedberg, et al.,<br><br>        Defendants. | No. CV-22-00062-TUC-JCH (BGM)<br><br>**ORDER** |

This is a dog-bite case. Before the Court are Defendants' Motion for Summary Judgment, Doc. 39, and Magistrate Judge Bruce G. Macdonald's Report and Recommendation ("R&R"). Doc. 80. Defendants are strictly liable for their dog's bite unless Plaintiff provoked the dog. Defendants are also liable for negligence if they owed Plaintiff a duty and knew the dog had a propensity to bite. The parties dispute whether Plaintiff provoked the dog and whether the dog had a propensity to bite. For that reason, the R&R recommends denying Defendants' Motion. The Court agrees.

**I.      Background**

On April 11, 2021, Defendants' dog bit Plaintiff. Doc. 1-1 at 3; Doc. 16 at 2. On February 9, 2022, Plaintiff filed a Complaint in Pima County Superior Court alleging Defendants' negligence and strict liability for the bite. Doc. 1-1. Defendants removed to federal court and answered. Docs. 1, 5. The undersigned referred the case to Judge Macdonald for all pretrial proceedings and an R&R. Doc. 14.

On December 1, 2022, Defendants filed a "Motion for Summary Judgment," Doc.

39, together with a Statement of Facts. Doc. 47. Defendants seek summary judgment on both Plaintiff's negligence claim and Plaintiff's strict liability claim. Doc. 39-1 at 2. The Motion was fully briefed, Docs. 63, 64, 65, and the Court heard oral argument. Doc. 78.

On March 1, 2023, Judge Macdonald issued an R&R. Doc. 80. Judge Macdonald recommends denying Defendants' Motion because the parties dispute whether Plaintiff provoked Defendants' dog, whether Defendants' owed Plaintiff a duty, and whether Defendants knew the dog had a propensity to bite. *Id.* at 3–4. Defendants objected, Doc. 85, and Plaintiff responded. Doc. 86.

## II. Legal Standards

### A. R&R Review Standard

A district court reviews objected-to portions of an R&R de novo. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### B. Summary Judgment Standard

Summary judgment is appropriate when the parties have no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986). A fact is material if it might affect the outcome of the suit. *Id.* The nonmovant must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1). The court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Liberty Lobby*, 477 U.S. at 255.

## III. Undisputed Material Facts

Defendants' dog bit Plaintiff. Doc. 47 ¶ 7; Doc. 64 ¶ 7.

## IV. Analysis

Defendants object to the R&R's conclusion that genuine issues remain for trial on both Plaintiff's negligence and strict-liability claims. After de novo review, the Court

agrees with the R&R that summary judgment is not appropriate. The Court will adopt the R&R in full and deny Defendants' Motion for Summary Judgment.

### A. Negligence Claim

Defendants seek summary judgment on Plaintiff's negligence claim, which requires Plaintiff to prove "(1) a duty requiring the defendant to conform to a certain standard of care; (2) breach of that standard; (3) a causal connection between the breach and the resulting injury; and (4) actual damages." *Quiroz v. ALCOA Inc.*, 416 P.3d 824, 827–28 (Ariz. 2018). Whether a duty exists is a matter of law for the court to decide. *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007).

#### i. Arizona's dog-bite statutes create a duty of care.

Duty is an "obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Id.* Duty may be based on public policy, as revealed by state statutes. *Cal-Am Properties Inc. v. Edais Eng'g Inc.*, 509 P.3d 386, 390 (2022) (citation omitted). A statute creates a duty if (1) the plaintiff is "within the class of persons to be protected by the statute," and (2) the harm is of the type "the statute sought to protect against." *Id.* (citations omitted). For example, statutes prohibiting distribution of prescription drugs to someone without a prescription created a duty where plaintiff died after taking prescription drugs defendant gave him. *Gipson*, 150 P.3d at 232. Similarly, statutes prohibiting minors from consuming alcohol created a duty where minor plaintiffs died after consuming alcohol defendant gave them. *Brannigan v. Raybuck*, 667 P.2d 213, 215 (Ariz. 1983).

Here, Arizona's dog-bite statutes reveal an obligation to protect others against an unreasonable risk of being bitten by a defendant's dog. Arizona's policy toward harms caused by dogs is shown by its statutes imposing strict liability for those harms. *See, e.g.*, A.R.S. § 11-1020, -1025(A), -1001. Plaintiff was bitten by a dog, which is a type of harm Arizona's dog-bite statutes seek to protect the public against. Plaintiff was also within the class of persons the statutes seek to protect because she was bitten by a dog. Defendants

thus owed Plaintiff a duty based on public policy to protect Plaintiff against an unreasonable risk of harm from being bitten by Defendants' dog.

### ii. Whether Defendants breached their duty is a genuine issue for trial.

In a negligence action, the elements of breach, causation, and damages are questions of fact typically resolved by the jury. *Gipson*, 150 P.3d at 230. Here, Plaintiff alleges Defendants breached their duty because Defendants knew their dog had a propensity to bite and because Defendants knew their dog was agitated. Doc. 63 at 8–9. Defendants object that there is no evidence suggesting their dog had a propensity to bite. Doc. 85 at 5, 11–13. Plaintiffs refer to veterinarian records of Defendants' dog trying to bite on four occasions. Doc. 63 at 6 (citing Docs. 64 ¶ 25, 48-1 at 3–6). Defendants object that the veterinarian records were obtained in violation of the Court's scheduling order. Doc. 85 at 6. Plaintiff observes that Defendants never raised this issue before Judge Macdonald, and that Defendants refused to provide the records in response to a discovery request and failed to supplement the response to the discovery request. Doc. 86 at 9 ns. 2, 3. Even if Defendants were correct that the veterinarian records are inadmissible, a genuine issue remains whether they breached their duty to Plaintiff. Defendants do not address Plaintiff's assertion that Defendants knew their dog was agitated. Indeed, Defendants' Motion for Summary Judgment emphasizes that the dog was agitated after being charged by two other dogs. Doc. 39-1 at 5, 14. For these reasons, the Court finds that whether Defendants breached their duty to Plaintiff is a genuine issue for trial.

## B. Strict-Liability Claim

Defendants also seek summary judgment on Plaintiff's strict-liability claim. Arizona imposes strict liability for dog bites. A.R.S. § 11-1020, -1025(A), -1001. The only defense is "reasonable provocation." A.R.S. § 11-1027; *see also Litzkuhn v. Clark*, 85 Ariz. 355, 360–61 (1959). Provocation means "tormenting, attacking, or inciting a dog." A.R.S. § 11-1025(F)(3). Provocation "shall be determined by whether a reasonable person would expect that the conduct or circumstances would be likely to provoke a dog." A.R.S. § 11-1027.

Here, the parties disagree whether a reasonable person would expect Defendants' dog to bite Plaintiff. Defendants assert that "[i]t was … reasonable for Plaintiff to know the dog would be agitated and fearful [after seeing two larger dogs charge it] and that [Plaintiff's] sudden movement of her leg toward the dog's face would provoke it." Doc. 39-1 at 14. But Plaintiff asserts that "[n]o reasonable person would expect that turning to walk away from a leashed dog[] would be likely to provoke a dog." Doc. 63 at 7. There is genuine dispute of material fact. Whether the dog was provoked is material to whether Defendants are strictly liable for the dog's bite. Defendants are therefore not entitled to summary judgment on the strict-liability claim.

Defendants' objection to the R&R's strict-liability recommendation is unpersuasive. Defendants assert that "Plaintiff does not deny intending to kick the dog[.]" Doc. 85 at 5. Defendants further assert "there are no facts contradicting the evidence that Plaintiff swung her leg toward the dog's head before it bit her[.]" *Id.* Defendants confuse facts and characterizations. Defendants' statement of facts alleges that Plaintiff "pivoted" and "swung her leg around toward [the dog's] head … [and] the dog bit her[.]" Doc. 47 at 3. Plaintiff's opposing statement of facts alleges that Plaintiff "turned to walk away, [and] Defendants' dog bit her[.]" Doc. 64 at 2. The parties agree Plaintiff moved. They disagree how to characterize Plaintiff's movement. Defendants characterize it as pivoting while "swinging at the dog as if to kick it," and Plaintiff characterizes it as "turning to walk away." Defendants are thus mistaken the R&R "is based solely on the Magistrate Judge's speculation that Plaintiff would deny that she took the action described by [Defendant Bunge.]" Doc. 85 at 5.

Defendants insist at some length that Plaintiff produced no evidence she did not swing her leg at the dog. *Id.* at 4–11. In Defendants' view, Plaintiff fails to carry her burden to demonstrate a genuine issue because the only evidence before the Court is Defendant Bunge's testimony that "it looked like [Plaintiff] was going to kick [the dog] and he bit her." *Id.* at 7. But Plaintiff's testimony that the dog bit her "as she turned to walk away" is also before the Court. Doc. 64 at 2; Doc. 41 at 19. Plaintiff is not obligated

- 5 -

to "supplement with a declaration or something" specifically stating "'I did not raise my foot to kick the dog' or 'I didn't kick the dog.'" Doc. 85 at 9. If that were required, Plaintiff would also be obligated to specifically state all the other things she did not do to provoke the dog. Instead, Plaintiff's testimony that the dog bit her "as she turned to walk away" sufficiently disputes Defendants' testimony that the dog bit her "as she kicked the dog" or "as she tried to kick the dog" or "as Defendant Bunge thought she was trying to kick the dog." *See also* Doc. 47 ¶ 7 (Defendants' Statement of Facts) ("Plaintiff swung her leg at [the dog's] head" (citing Defendant Bunge's deposition)); Doc. 64 ¶ 7 (Plaintiff's Controverting Statement of Facts) ("Disputed." (citing Plaintiff's deposition)). Plaintiff has therefore carried her burden to demonstrate a genuine factual issue for trial, and the R&R correctly recommends denying Defendants' Motion.

V.   Order

For the reasons above,

**IT IS ORDERED ADOPTING IN FULL** Judge Macdonald's R&R (Doc. 80).

**IT IS FURTHER ORDERED DENYING** Defendants' Motion (Doc. 39).

**IT IS FURTHER ORDERED DENYING** Defendants' "Motion for Leave to File Reply to Plaintiff's Response to Defendants' Objections to Report and Recommendation re: Defendants' Motion for Summary Judgment" (Doc. 87).

Dated this 30th day of March, 2023.

Honorable John C. Hinderaker
United States District Judge