**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betty Stensrud,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Thomas Friedberg, et al.,<br><br>　　　　Defendants. | No. CV-22-00062-TUC-JCH (BGM)<br><br>**ORDER** |

　　　　The Court has now disposed of Defendants' Motion for Leave (Doc. 42), Motion to Modify (Doc. 46), Motion for Summary Judgment (Doc. 39), and Plaintiff's Motion for Summary Judgment (Doc. 40). Plaintiff's common-law negligence claim (Claim One) and strict liability claim (Claim Two) are ready to proceed to trial.

　　　　Accordingly,

　　　　**IT IS ORDERED DIRECTING** the parties to submit a Joint Proposed Pretrial Report providing the information described in the attachment to this Order. The parties shall submit their Joint Pretrial Report no later than **April 30, 2023**.

　　　　**IT IS FURTHER ORDERED SETTING** a virtual Final Pretrial Conference for **May 16, 2023, at 11:00AM** for one hour as follows:

- The Zoom application is required to participate. Counsel must have a valid email address and access to an internet-enabled device equipped with: (a) a camera capable of sending video via Zoom; (b) a microphone and speakers capable of sending and receiving audio via Zoom; and (c) internet browsing software that

accommodates Zoom. The parties will also need a stable internet connection with bandwidth sufficient to support Zoom.

- The Court will email a Zoom link that the parties will use to join the hearing.
- A court reporter will be present. To ensure a clean record please: (a) wait until called to speak; (b) speak slowly, clearly, and concisely; (c) avoid speaking over or interrupting other parties and the Court; and (d) mute your device when not addressing the Court.

Dated this 30th day of March, 2023.

Honorable John C. Hinderaker
United States District Judge

ATTACHMENT

I. **PARTIES AND COUNSEL**

Identify by stating the name, mailing address, phone number, and email address of each party and his/her/its counsel.

Plaintiff(s):

Defendant(s):

II. **NATURE OF ACTION**

Provide a concise statement of the type of case, including the cause of action and the relief sought. (e.g., This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift. Plaintiff contends the forklift was defectively designed and manufactured by the defendant and the defects were a producing cause of his injuries and damages.)

III. **JURISDICTIONAL STATEMENT**

For each claim, state the basis for the Court's jurisdiction. (e.g., Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.)

IV. **JURY TRIAL DEMAND**

State whether a jury trial has been demanded as to all or any of the issues and whether the jury demand is contested.

V. **THE PARTIES' CONTENTIONS**

For each claim alleged in the complaint, any counterclaim or cross-claim, and any defense, affirmative defense, or the rebuttal or a presumption where the burden of proof has shifted, the party having the burden of proof must list the elements that must be proven, or standards that must be established, for the party to prevail on the claim or defense and set forth the relief (e.g., monetary damages) sought. Citation to controlling legal authority is required. (e.g., In order to prevail on this products liability case, the plaintiff must prove the following elements . . . .)

V. **STIPULATIONS AND UNCONTESTED ISSUES OF FACT AND LAW**

Identify any stipulations and uncontested issues of fact and law.

## VI. CONTESTED ISSUES OF FACT

Identify each issue of fact to be tried and determined. Each issue of fact must be stated separately and in specific terms, followed by the parties' contentions as to each issue. E.g.:

Issue:

Plaintiff(s) contends:

Defendant(s) contends:

## VII. CONTESTED ISSUES OF LAW

Identify each issue of law—substantive, evidentiary or procedural, and the measure or type of relief sought—to be tried and determined. Each issue of law must be stated concisely, separately and in specific terms, followed by the parties' contentions as to each issue. E.g.:

Issue:

Plaintiff(s) contends:

Defendant(s) contends:

## VIII. LIST OF WITNESSES

A. Each party must provide a list of witnesses it intends to call at trial that separately identifies those that the party expects to call at trial and those it may call if the need arises. Detail all scheduling restrictions that are unique to any witness. (e.g., Plaintiff Witness John Doe must testify on March 1-2, 2020 because ….)

B. As to each witness identify whether the witness is a fact or expert witness including a brief statement of the expected testimony of any expert witness.

C. If any additional witness comes to the attention of counsel prior to the trial, a supplemental list and summary must be prepared, served on the opposing party, and filed with the Court. The supplemental list must include the reason why the witness was not set forth in the Joint Proposed Pretrial Order.

D. The following text must be included in this section: "By signing this proposed Joint Pretrial Order a party understands that it is responsible for subpoenaing each witness it wishes to have testify. Each signatory understands that any witness a party wishes to call must be listed on that party's list of witnesses and that party cannot rely on the witness being listed or subpoenaed by another party."

IX. **LIST OF EXHIBITS**

A. Provide a numbered list of all exhibits the parties agree are admissible in evidence. List Plaintiff's and Defendant's exhibits separately, provide sufficient information to identify the exhibit, and separately identify those exhibits that the party expects to offer and those it may offer if the need arises.

(e.g.: Plaintiff's Exbibit 1 – City Hospital records of Plaintiff from March 1, 2020 to March 22, 2020. Plaintiff expects to offer exhibit at trial. Defendant objects for lack of foundation because…(all objections must specify the specific grounds for the objection)).

B. Provide a numbered list of all exhibits for which the parties have reached a stipulation, including a brief description of the stipulation reached. List Plaintiff's and Defendants' exhibit separately, provide sufficient information to identify the exhibit, and separately identify those exhibits that the party expects to offer and those it may offer if the need arises.

C. Provide a numbered list of all exhibits objected to by the party against whom the exhibit is to be offered. List Plaintiff's and Defendants' exhibits separately, provide sufficient information to identify the exhibit, and separately identify those exhibits that the party expects to offer and those it may offer if the need arises.

D. The following text must be included in this section: "By signing this Proposed Joint Pretrial Order a party acknowledges that any objection to an exhibit not specifically stated herein is waived."

X.   **DEPOSITIONS TO BE OFFERED**

    A.   List the deposition testimony that may be used at trial, identifying by page and line number the portion(s) that will be read or submitted and whether any such portion(s) are subject to objection. If the party against whom deposition testimony will be offered objects to the use of any portion(s) of the deposition, succinctly state the grounds for the objection and any response. The party offering the deposition testimony must provide the Court with a hard copy of the deposition testimony. The offering party must highlight in color the portion(s) of the deposition testimony. If multiple parties are offering the same deposition testimony, only one copy of the deposition must be provided, and the copy must contain each party's highlighting (each party should use a different color).

    B.   The following text must be included in this section: "By signing this Joint Proposed Pretrial Order a party acknowledges that any deposition testimony not listed as provided herein will not be allowed, absent good cause, and any objections not specifically raised herein are waived."

XI.  **PRETRIAL DEADLINES**

    A.   For a Jury Trial

        1. Trial briefs may be filed only upon the Court's request.

        2. Proposed voir dire, deposition testimony, objections to exhibits and depositions, stipulations, interrogatories to the jury, and stipulated jury instructions must be filed and served upon each party thirty (30) days before trial unless the Court directs otherwise.

        3. Non-stipulated jury instructions, together with a concise supporting argument, must be filed with the Court and served upon each party thirty (30) days before trial unless the Court directs otherwise.

        4. Objections to the non-stipulated jury instructions must be filed with the Court and served upon each party fourteen (14) days thereafter. Replies are

not permitted without leave of Court.

5. All proposed jury instructions must conform with Local Rule 51.1.

6. Motions in limine, including *Daubert* motions, must be filed at least thirty (30) days before trial. Oppositions to motions in limine and *Daubert* motions are due within fourteen (14) days. Motions in limine, *Daubert* motions, and oppositions are limited to three (3) pages. Replies are not permitted without leave of Court.

B. For a Bench Trial

1. Trial briefs may be filed only upon the Court's request.

2. Objections to exhibits, deposition testimony, motions in limine, *Daubert* motions, and stipulations must be filed and served at least thirty (30) days before trial unless the Court directs otherwise.

3. Proposed findings of facts and conclusions of law may be filed only upon the Court's request.

XII. **ESTIMATED LENGTH OF TRIAL**

Each party must identify the estimated length of time it will take to present its case:

___ hours for opening statements

___ hours for Plaintiff's case-in-chief

___ hours for Defendants' case-in-chief

___ hours for closing arguments

XIII. **ADDITIONAL INFORMATION HELPFUL TO THE COURT**

A. Identify all motions that remain pending on the docket as of the date of this Joint Proposed Pretrial Order.

B. Identify other matters which will aid in the effective presentation or disposition of the case.

C. Identify other information that may be helpful to the Court.

## XIV. INFORMATION FOR COURT REPORTER

A. The parties must file a "Notice to Court Reporter" **one week before trial** containing the following information that may be used at trial:

1. Proper names, including those of witnesses;
2. Acronyms;
3. Geographic locations;
4. Technical (including medical) terms, names, or jargon;
5. Case names and citations; and
6. Pronunciation of unusual or difficult words or names.

B. Send (or transmit electronically) to the court reporter a copy of the concordance from key depositions.

C. In the "Notice to Court Reporter" indicate whether a request for realtime, daily copy, and/or expedited transcripts is anticipated.

## XV. MODIFICTION OF ORDER

Upon the parties' or the Court's motion, the Court may modify the Final Pretrial Order to prevent manifest injustice or for good cause.

## XVI. ADOPTION

The Court may adopt this proposed Joint Pretrial Order at the Pretrial Conference or a subsequent hearing.

_____           _____
Attorney for Plaintiff                       Attorney for Defendants